IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00954-RPM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES D. TAYLOR,

    Movant.

---

ORDER

---

On May 7, 2008, Charles D. Taylor filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, alleging that he was denied the effective assistance of counsel in *United States v. Taylor*, case number 00-CR-250. Taylor claims that he was advised that any federal sentence imposed on his guilty plea would run concurrently with any sentence imposed on pending state charges. Judgment was imposed on May 4, 2001. A one year period of limitation applies to motions filed under section 2255, and movant alleges that he did not raise this claim "because the facts supporting my claim hadn't developed." The record suggests that Taylor knew of the facts supporting the claims presented. On April 4, 2005, this court received a letter from Taylor complaining that his state and federal sentences were not concurrent. Further, attached to Taylor's section 2255 motion are two letters from Taylor's lawyer, dated April 23, 2007 and August 7, 2007, that address the sentencing issue. Under § 2255(f), the one year limitation period runs from the latest of – the date on which the judgment of conviction becomes final or . . . "(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Upon the foregoing, it is,

ORDERED that Taylor shall have until June 30, 2008, to supplement his motion filed pursuant to 28 U.S.C.§ 2255 to demonstrate any basis for finding that his motion is not time-barred.

DATED: May 23rd, 2008

BY THE COURT:

s/ Richard P. Matsch

_____

Richard P. Matsch